**In re Petition for DISCIPLINARY AC-
TION AGAINST Nels W. TRUELSON,
an Attorney at Law of the State of
Minnesota.**

No. C2-88-1278.

Supreme Court of Minnesota.

Oct. 30, 1989.

---

### ORDER

After the Director of the Lawyers Professional Responsibility Board filed with this court a petition for disciplinary action in which he alleged that the Respondent, Nels W. Truelson, had violated professional responsibility standards in the handling of five separate matters, had failed to cooperate with the Director's office with respect to complaints filed by clients concerning those matters, and had failed to comply with Rule 26 of the Minnesota Rules on Lawyers Professional Responsibility (RLPR) following his suspension from the practice of law by this court's order dated August 29, 1988, the Director and the Respondent entered into a stipulation in which, after waiving all of the rights afforded him by the RLPR under Rules 14 and 15 of the RLPR, the Respondent unconditionally admitted the allegations of the petition and stipulated to imposition of appropriate discipline.

The first count of the amended petition alleged that Kaysee M. Reed in March of 1986 retained the Respondent to recover for the wrongful death of a daughter. Thereafter the Respondent failed to keep his client advised, repeatedly lied to her about the status of the case until finally she retained a new lawyer, and even thereafter, notwithstanding repeated requests from the new attorney, neglected or failed to surrender the client's file for more than one month. When it was delivered, the file revealed that, contrary to information he had previously given his client, respondent had not even drafted a summons and complaint, had not contacted any representatives of the defendant's insurance carrier nor had he made any investigation. Such conduct consisting of unreasonable lack of diligence violates Rules 1.3 and 3.2 of the Minnesota Rules of Professional Conduct. His failure to keep his client informed violated Rule 1.4 of those rules, and his misrepresentation to his client and failure to promptly turn over the file to the successor attorney upon request violated respectively Rules 1.4(b) and 8.4(c) and 1.15(b)(4) and 1.16(d).

A second count of the petition alleged that C.M.R. retained him to bring a sexual abuse suit in 1983 respecting a minor's claim against a school district and a teacher. After the suit was commenced, attorneys for the teacher served interrogatories upon the Respondent in 1984. Respondent neither sent the interrogatories to the client nor did he discuss them with her. Eventually the Hennepin County District Court, by order dated April 12, 1985, ordered answers to be furnished within 15

days. Respondent did not inform his client of the court order nor did he respond to the interrogatories in a timely manner resulting in an April 30, 1985, Hennepin County order dismissing the complaint for noncompliance of discovery order. Respondent never informed the client of this. Subsequently the client obtained a new attorney in October of 1988 but again Respondent was dilatory in refusing to surrender the file. His lack of diligence, his misrepresentation to his client, his failure to turn over the file, and his failure to keep his client informed violated Rules 1.3, 3.2, 3.4(c), 1.4(a) and (b), 1.15(b) and 1.16(d).

Count Three of the petition related to the J.S. matter. In February 1985 Respondent was retained to prosecute another child sexual abuse case. The parent of the child contacted the Respondent every three months thereafter. Respondent lied to her about depositions allegedly taken and witnesses allegedly contacted. He lied to his client about service of the summons and complaint. Finally in 1988, the client learned that the Respondent had been suspended and tried to get her file back but it was not until October 1988 that the file was returned. When it was returned it was discovered he had failed to take the alleged deposition, he had not contacted any witnesses, nor had he even commenced the action by service of a summons and complaint. In connection with his representation in this matter, the Respondent violated Rules 1.3 and 3.2; 1.4 and 8.4(c); and Rules 1.15(b)(4) and 1.16(d).

The next count of the petition alleged that Respondent in the Smalley matter had represented the Smalleys and obtained a settlement in the amount of $57,000 for their minor daughter. Pursuant to Minn. Stat. § 540.08, as attorney for the plaintiff, the Respondent had the obligation to get court approval of the settlement and approval of the disposition of the proceeds. Respondent did not follow that statutory procedure. Instead he deducted $19,000 for attorney fees and made various investments of the remainder in various trust funds of which he was a trustee. His actions with respect to the handling of this matter violated Rules 3.4(c) and 8.4(d).

The next count of the petition alleged that in the Kissinger matter the Respondent was retained by the father in connection with a child support dispute. Though often thereafter requested by his client to provide a copy of court orders arising out of the proceedings, the Respondent failed and neglected to do so, all in violation of Rules 1.3, 1.4(a) and 1.15(b)(4) of RLPR.

The next count of the petition documented that since the order suspending the Respondent from the practice of law on August 29, 1988, the Respondent has failed and neglected to cooperate with the Director's office with respect to the preceding complaints filed by clients or to submit written responses to the complaints of Reed, LaFleur, Smalley, J.S. and Kissinger.

Finally the petition alleged, following his suspension by this court on August 29, 1988, that Respondent failed to notify his clients as per Rule 26, RLPR, that he had been suspended from the practice of law and he failed to file with the Director's office, as provided by said rule, an affidavit of compliance therewith.

In the stipulation Respondent admitted all of the foregoing allegations of the Director unconditionally, and he agreed with the Director that appropriate discipline would be continuation of his suspension of the practice of law as provided in this court's order dated August 29, 1988, together with other conditions.

The court having examined the files and records herein, having considered the original petition leading to suspension in August of 1988, and taking into consideration that most of the present allegations of the present petition concerned conduct which occurred prior to the time this court entered its order of suspension on August 29, 1988, and having examined the stipulation of the parties, NOW ORDERS:

1. The indefinite suspension ordered by this court's order dated August 29, 1988, shall continue indefinitely.

2. The Respondent shall not be eligible to apply for reinstatement before September 1, 1993. During the terms of his indefinite suspension, the Respondent shall comply with all of the conditions of this court's order dated August 29, 1988.

3. The Respondent shall pay within 60 days from the date hereof to the Director $750 in costs and disbursements.